JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7324
    Facsimile:  415.436.6748
    Email: Susan.B.Gray@usdoj.gov

Attorneys for United States of America

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 08 0826 |
| Plaintiff, | |
| v. | COMPLAINT FOR FORFEITURE |
| APPROXIMATELY $61,386.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |

NATURE OF THE ACTION

1.     This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6), involving the seizure of defendant approximately $61,386.00 in United States Currency ("defendant $61,386") which was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be used to facilitate a violation Subchapter I, Chapter 13 of Title 21 United States Code.

JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and 21 U.S.C.

1  § 881(a)(6).

2  3. This action is timely filed in accordance with 18 U.S.C. § 983(a)(3)(A).

3  4. Venue in this Court is proper because defendant $61,793.65 was seized in the
4  Northern District of California and is currently in the possession of the United States Marshals
5  Service in this district. 28 U.S.C. §§ 1355(b) and 1395.

6  5. Intra-district venue is proper in the Oakland Division within the Northern District
7  of California.

## PARTIES

6. Plaintiff is the United States of America.

7. Defendant is approximately $61,386.00 in United States Currency.

## FACTS

8. On March 22, 2007, Special Agent Rick Zemlok of the Southern Alameda Country Narcotics Enforcement Team (hereinafter "SACNET") received information from a citizen informant about a possible indoor marijuana grow located at 3451 Isherwood Place ("Isherwood Place") in Fremont, California. The citizen noted the odd behavior of the residents and related that during a conversation with a PG&E employee who was out checking meters, the PG&E employee had noticed how fast the meter was spinning on this house.

9. The citizen informant provided Special Agent Zemlok with three different license plate numbers which had been seen at this address. Special Agent Zemlok checked law enforcement data bases and discovered the following: California Licence Number 4HTA936 was traced to a silver colored BMW which is registered to a Jim or Ngau Tran on Sundance Drive in Fremont, California.

10. The second license plate, 5JKB651, was traced to a silver colored Nissan registered to a Patricia Salas Bevilacqua ("Bevilacqua") on Highway 20, P0 Box 1437 Willits, California. A DMV check on Bevilacqua's license status showed an address on Glithero Court in San Jose, California as of February 27, 2007 and another address of P0 Box 1437 Willits, California. as of January 19, 2007. Bevilacqua does not appear to have any criminal history.

11. The third license plate, 5XYG362, was traced to a Toyota SUV, registered to

Complaint for Forfeiture
No. 08-                                   2

1  Enterprise Rent-a-Car in San Leandro, California. This vehicle was rented by Kwang Pak
2  ("Pak") from Lexus of Stevens Creek on March 26, 2007 and returned on March 27, 2007.

3      12.    According to DMV records, Pak's home address was 2452 Cameron Drive in
4  Union City, California, as of May 15, 2006. Pak was cited on July 11, 2006, in a vehicle with
5  California Licence #6L39611, registered to a A Vien Ngoc, DBA Just Futon SF, Toan Hang, on
6  Geary Boulevard in San Francisco. Toan Hang was subsequently identified as Pak's brother

7      13.    During the latter part of March and early April 2007, Special Agent Zemlok, and
8  other law enforcement officers conducted surveillance on Isherwood Place. During the course of
9  their surveillance they noted the frequent presence of Tran, Pak and Bevilacqua. During the
10 course of the surveillance Officer Zemlock followed Bevilacqua to another residence located at
11 38079 Guava Drive, Newark, California ("Guava Drive") and a residence located at 2452
12 Cameron Drive in Union City, California ("Cameron Drive").

13     14.    On April 4, 2007, Special Agent Zemlok noticed the distinct sound of fans
14 coming from the vents on the bottom of the houses at Isherwood Place and Guava Drive. Based
15 upon his training and experience Special Agent Zemlok knew that those operating an indoor
16 marijuana grow will routinely use a sophisticated filtering system to mask the odor of marijuana.
17 Such a system must eventually be ventilated outside, and a common way to do this is to run the
18 ducting down under the house.

19     15.    On April 5, 2007, at approximately Officer Snelson of the Fremont Police
20 Department brought his narcotic detection canine to the Isherwood house and Guava houses.
21 The dog gave a positive indication for controlled substances at both houses.

22     16.    On April 5, 2007, Special Agent Zemlok obtained a duly authorized state search
23 warrant for the PG&E subscriber and account information for both Isherwood Place and Guava
24 Drive. On April 6, 2007 he served this warrant with PG&E and learned the following:
25 The listed subscriber for PG&E at Isherwood Place in Fremont, California, was Patrica Salas
26 with social security number of xxx-xx-9189. The last four digits of this social security number
27 match the last four digits of Patricia Salas Bevilacqua's true social security number. There was
28 an outstanding bill of $8,436.21. PG&E lists the customer set up date as October 2, 2006.

Complaint for Forfeiture
No. 08-                              3

1  Special Agent Zemlok reviewed the records and discovered that the recorded kilowatt hours
2  jumped by almost 4,000 kilowatt hours within the first month of Bevilaqua's account. The
3  kilowatt hours continued to be in the thousands for the next five months until a state search
4  warrant was served on this address on April 17, 2007. Based on his training and experience,
5  Special Agent Zemlok knew that these usage levels at this type of residence are exceptionally
6  high and common with indoor marijuana cultivations, as marijuana plants require a great deal of
7  lighting from high wattage lights.

8   17.   The listed subscriber for PG&E at Guava Drive in Newark, California is Kwang
9  Pak with social security number of xxx-xx-7765. The last four digits of this social security
10 number match the last four digits of Pak's true social security number. PG&E lists his cell phone
11 number as (408) 891-9009 and account ID number as 12114753069. Service for Pak began on
12 October 25, 2005.

13  18.   From February 2006 until October 2006, the electrical usage at this address was
14 very high, in the thousands of kilowatt hours. From October of 2006 to April of 2007, the usage
15 levels dropped significantly. However, the lower usage levels at this address coincided with the
16 start of the high usage level at the Isherwood address.

17  19.   A routine computer check on Guava Drive revealed that Toan Hang has a 2000
18 Nissan registered to him at Guava Drive. Hang is the owner of Cameron Drive along with Julie
19 Luu.

20  20.   On April 16, 2007 SACNET agents executed duly authorized state search
21 warrants for the residences at Isherwood Place in Fremont and Guava Drive in Newark. In both
22 residences they discovered clandestine marijuana cultivation operations.

23  21.   At Guava Drive in Newark, the agents discovered 5 separate indoor marijuana
24 cultivation rooms located with a total of 144 marijuana plants. All the rooms had tarps spread
25 across the floors, and there was blackout sheeting and reflectorized materials stapled to the walls.
26 Each marijuana plant was contained in a large black bucket with potting soil. A great deal of
27 wiring and breaker boxes were located throughout the house and were being used to power the
28 large 1000 watt power ballasts that in turn powered the 1000 watt lights contained in suspended

Complaint for Forfeiture
No. 08-                               4

1  reflectors. There were sophisticated venting systems and filters located through out the rooms
2  which appeared to be sucking air into the house from under the sub floor and filtering air out into
3  the attic. Officers also fond a waste management bill for 38079 Guava Drive in the name of
4  Patricia Salas, a PG&E bill for 38079 Guava in the name of Kwang Pak, a rental agreement for
5  38079 Guava in the names of Kwang Pak, Kim Nguyen, Henry Luu, and Tony Trait and a large
6  zip lock type bag containing approximately 181.6 grams of marijuana buds.
7      22.    On April 16, 2007, SACNET agents served the search warrant at Isherwood Place
8  in Fremont. There was a large and recently harvested indoor marijuana cultivation set up inside
9  the residence, which closely resembled the one at Guava Drive. There were four different grow
10 rooms set up with a total of 132 black plastic pots all containing freshly cut stems with root balls
11 from marijuana plants. The agents also discovered one large bag containing marijuana clippings.
12 Located throughout the rest of the house were several bags of soil, bottles of grow nutrients,
13 hoses, clippers and associated cultivation supplies. Located in the front room and kitchen area
14 were numerous articles of women's clothing in addition to photographs and indicia for
15 Bevilacqua.
16     23.    Bevilacqua, Tran and Pak were all arrested that day and provided statements.
17 Bevilacqua said she had been asked to put the rental agreement for the Isherwood address under
18 her name in addition to the PG&E bill. She was also asked to put the garbage bill for the Guava
19 address in her name. She routinely pays for these bills; however, someone else puts money for
20 the bills into her account. She refused to provide the names of anyone who had asked her to do
21 these activities, but she admitted that she had received payment in the past for assisting in the
22 grow operations. She received a $1,000 payment after the last cultivation was harvested
23 sometime around January of 2007. She said that there have been two harvest cycles that had been
24 completed at the Isherwood address, the last about one to two weeks before her arrest. Her
25 boyfriend is Kwang Pak and she routinely lives at his house on Cameron Drive in Union City.
26     24.    Tran told Special Agent Zemlock that he gets paid to help take care of the
27 marijuana cultivations at both the Guava and Isherwood addresses. Tran said that he does not sell
28 marijuana himself, but he assists in the cultivation. Tran said that he was paid $3,000 for his

Complaint for Forfeiture
No. 08-                            5

1  services after the last marijuana crop was harvested. Tran said that he is not currently employed
2  and that the Lexus he had been driving was his and that he had just traded his silver BMW to his
3  friend for it.

4      25.    Pak said that the Guava address is in his name and has been for about one and one
5  half years. Pak said he was fully aware of the marijuana cultivation located inside and said that it
6  was his. Pak said that there were approximately 15 marijuana plants inside the house. Pak said
7  that Jim Tran helps him care for the marijuana plants and that he paid Tran $2,000 for his services
8  after the last grow cycle. Pak also said that he paid Bevilacqua $1,000 for her services after the
9  last grow cycle.

10      26.    Upon the conclusion of the interviews, SACNET agents served a search warrant on
11  Cameron Drive in Union City. During the service of this search warran,t the defendant $61,386
12  in United States Currency was located and seized. Most of the currency was found inside of the
13  bedroom of Pak's mother, Que Ngo. Ngo had a floor safe inside of her closet and she provided a
14  key to Special Agent Zemlok to open it. A total of $48,460 was found inside of this safe.
15  Another $1,400 was found inside of a black purse in the bedroom. $125 was found in Ngo's
16  closet, and $11,000 was found inside of a silver two drawer filing cabinet inside of Ngo's
17  bedroom. $401 was found inside of Pak's bedroom. The currency was in the following
18  denominations: $48,460=390 x $100, 11 x $50, 388 x $20, 83 x $10, 64 x $5; $1,400=14 x $100;
19  $125= 25 x $5; $11,000=81 x $100, 143 x $20, 4 x $10; $401=2 x $100, 1 x $50, 6 x $20, 3 x
20  $10, 1 x $1.

21      27.    Also located inside this bedroom was a rental agreement in the name of Kwang
22  Pak and Patricia Bevilacqua for 34395 Dobson Way in Fremont, California. This rental
23  agreement was dated September 27, 2006. When questioned about this residence, Pak admitted
24  that there was another marijuana cultivation operation located at this residence. Pak stated that he
25  put the rental agreement in his name as a favor to someone. Agents also found miscellaneous
26  paperwork, indicia and photos for Kwang Pak in this bedroom.

27      28.    On April 19, 2007, SACNET agents served a duly authorized state search warrant
28  for 34395 Dobson Way, Fremont, California. They discovered another large indoor marijuana

Complaint for Forfeiture
No. 08-                              6

1  cultivation which closely resembled the cultivation operations at both Guava Drive and
2  Isherwood Place. There were 215 marijuana plants located inside this residence.
3      29.    Following the arrest of Bevilacqua, Pak, and Tran, Special Agent Zemlok placed
4  them inside a SACNET vehicle by themselves and let a digital recorder record their conversation.
5  During this conversation, Pak told Bevilaqua to say that she does not know anything. Then
6  Patricia made a statement to Pak that her name needs "to get the f--k off of Ms. Lee's house". She
7  then said "you forgot about that one". Bevilaqua's checkbook, found inside her vehicle, had
8  several carbon copy receipts of recent checks, one of which was made out to Ms. Lee for "rent" in
9  the amount of $1,850 dated March 1, 2007. Lillian W. Lee is listed on a rental agreement for
10 Dobson Way which was found during the search at the Cameron house. During the conversation,
11 Pak repeatedly directs Tran and Bevilaqua to tell the officers that they do not know anyone or
12 anything and he says that his brother will say he knows nothing. Pak repeatedly asks if the
13 officers can search beyond his room. He told Tran that he gave his money to his "old lady to
14 hold". When Bevilacqua mentions the papers and chemicals in Pak's room, Pak replied, " Of
15 course, cuz I had to pay for everything." Bevilacqua also told both Pak and Tran that the weed
16 they gave to "Charles" was "horrible", there were seeds in it and it was not completely dry.
17     30.    In May 2007, members of SACNET contacted the California Employment
18 Development Department and requested any known work history for Pak, Hang, Ngo and
19 Bevilacqua for the first work quarter of 2005 to June of 2007. They learned there were no
20 reported wages for any of these individuals, except Pak, who showed wages for only the first
21 quarter of 2006.
22                                VIOLATION
23     31.    The United States incorporates by reference the allegations in paragraphs one
24 through thirty as though fully set forth.
25     32.    Section 881(a)(6) of Title 21 of the United States Code, provides for the
26 forfeiture of all money furnished or intended to be furnished by any person in exchange for a
27 controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21 United
28 States Code, all proceeds traceable to such an exchange and all money used or intended to be used

Complaint for Forfeiture
No. 08-                                                  7

1 | to facilitate any violation of Subchapter I, Chapter 13 of Title 21 United States Code.

2 |     33.    In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the defendant currency seized from 2452 Cameron Drive, Union City, California, represents moneys and other things of value furnished or intended to be furnished to another person in exchange for a controlled substance, or traceable to such an exchange, or money used or intended to be used to facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code, Sections 841(a) and 846, and thus subject to forfeiture under Title 21, United States Code, Section 881(a)(6).

* * * * *

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant $61,386, that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that the Court enter judgment forfeiting defendant $61,386; and that the United States be awarded such other relief as may be proper and just.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: February _5_, 2008

STEPHANIE M. HINDS
Assistant United States Attorney

Assigned to: _/s/ SBG_
AUSA S. Gray

Complaint for Forfeiture
No. 08-                 8

|     |                                                                                      |
| --- | ------------------------------------------------------------------------------------ |
| 1   | VERIFICATION                                                                         |
| 2   | I, Leo Bondad, state as follows:                                                     |
| 3   | 1. I am a Special Agent with the Drug Enforcement Administration, United States      |
| 4   | Department of Justice, and I am the Special Agent for this case. As such, I am familiar with the |
| 5   | facts, and the investigation leading to the filing of this Complaint for Forfeiture. |
| 6   | 2. I have read the Complaint and believe the allegations contained in it to be true. |
| 7   | * * * * *                                                                            |
| 8   | I declare under penalty of perjury that the foregoing is true and correct. Executed this |
| 9   | 1st day of February, 2008 in OAKLAND, California.                                    |



Leo Bondad
Special Agent
Drug Enforcement Administration

[FOOTER TITLE (Upper Case)]
[Case # (C 99 9999)]

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  SUSAN B. GRAY (CSBN 100374)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, 9th floor
6     San Francisco, CA 94102
      Telephone: 415.436.7324
7     Facsimile:  415.436.6748
      Email: susan.b.gray@usdoj.gov
8
   Attorneys for United States of America
9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12
   UNITED STATES OF AMERICA,        )
13                                  )   CV 08-     0826
                        Plaintiff,  )
14                                  )
              v.                    )   WARRANT OF ARREST OF
15                                  )   PROPERTY *IN REM*
                                    )
16 APPROXIMATELY $61,386 IN UNITED  )
   STATES CURRENCY,                 )
17                                  )
                        Defendant.  )
18 _____)

19    TO:   ANY DEPUTY UNITED STATES MARSHAL OR ANY SPECIAL AGENT OF
            DRUG ENFORCEMENT ADMINISTRATION:
20

21    YOU ARE HEREBY COMMANDED to arrest and seize the defendant currency and

22 maintain custody of same pursuant to 19 U.S.C. § 1605 until further Order of the Court.

23    Claimants of the above-described currency which is the subject of this action shall file

24 their claims with the Clerk of the Court, Northern District of California, 450 Golden Gate Ave.,

25 16th floor, San Francisco, California 94102 and serve a copy thereof upon the United States

26 Attorney, Attention: Susan B. Gray, Assistant United States Attorney, U.S. Attorney's Office,

27 450 Golden Gate Ave., 9th floor, San Francisco, California 94102, within 35 days after the date

28 of service of the complaint in accordance with Rule G(5) of the Supplemental Rules for

1 Admiralty or Maritime and Asset Forfeiture Claims or within 30 days after the date of final
2 publication of the Notice of Forfeiture Action, whichever is earlier and answers to the Complaint
3 shall be filed and served within twenty (20) days thereafter or within such additional time as may
4 be allowed by the Court.

5 Dated: February 5, 2008

                              RICHARD W. WEIKING
                              United States District Clerk

                                  HELEN L. ALMACEN
                              By: _____