JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

   450 Golden Gate Ave., Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-7324
   Facsimile: (415) 436-7234
   Email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APPROXIMATELY $61,386.00 IN UNITED STATES CURRENCY, <br><br> Defendant. <br><br>――――――――――――――――――― <br><br> TOAN HOANG, QUE NGO, JULIE LUU, <br><br> Claimants. <br>――――――――――――――――――― | No. CV 08-0826 MMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br> and <br> **[PROPOSED]** ORDER <br> CONTINUING CONFERENCE <br><br> CMC Date: ~~February 26, 2010~~ <br> Time: 10:30 a.m. <br> Courtroom 7, 19th Floor |

     Plaintiff, United States of America, and Claimants, Toan Hoang, Que Ngo and Julie Luu, respectfully submit this Joint Case Management Statement.

**1. Jurisdiction and Service**

     This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355 and Title 21, United States Code, Section 881(a)(6). There are no counterclaims. Plaintiff contends that it has served notice of this action on all persons who may have an interest in the

property. Toan Hang, Que Ngo and Julie Luu, ("claimants"), represented by Erik Babcock, have filed verified claims and an answer. To date, no other claims have been filed in this action.

**2. Facts**

On March 22, 2007, Special Agent Rick Zemlok of the Southern Alameda Country Narcotics Enforcement Team (hereinafter "SACNET") received information from a citizen informant about a possible indoor marijuana grow located at 3451 Isherwood Place ("Isherwood Place") in Fremont, California. The citizen noted the odd behavior of the residents and related that during a conversation with a PG&E employee who was out checking meters, the PG&E employee had noticed how fast the meter was spinning on this house.

The citizen informant provided Special Agent Zemlok with three different license plate numbers which had been seen at this address. Special Agent Zemlok checked law enforcement data bases and discovered the following: California Licence Number 4HTA936 was traced to a silver colored BMW which is registered to a Jim or Ngau Tran on Sundance Drive in Fremont, California.

The second license plate, 5JKB651, was traced to a silver colored Nissan registered to a Patricia Salas Bevilacqua ("Bevilacqua") on Highway 20, P0 Box 1437 Willits, California. A DMV check on Bevilacqua's license status showed an address on Glithero Court in San Jose, California as of February 27, 2007 and another address of P0 Box 1437 Willits, California as of January 19, 2007. Bevilacqua does not appear to have any criminal history.

The third license plate, 5XYG362, was traced to a Toyota SUV, registered to Enterprise Rent-a-Car in San Leandro, California. This vehicle was rented by Kwang Pak ("Pak") from Lexus of Stevens Creek on March 26, 2007 and returned on March 27, 2007.

According to DMV records, Pak's home address was 2452 Cameron Drive in Union City, California, as of May 15, 2006. Pak was cited on July 11, 2006, in a vehicle with California Licence #6L39611, registered to a A Vien Ngoc, DBA Just Futon SF, Toan Hang, on Geary Boulevard in San Francisco. Toan Hang was subsequently identified as Pak's brother.

During the latter part of March and early April 2007, Special Agent Zemlok, and other law enforcement officers conducted surveillance on Isherwood Place. During the course of their

surveillance they noted the frequent presence of Tran, Pak and Bevilacqua. During the course of the surveillance Officer Zemlock followed Bevilacqua to another residence located at 38079 Guava Drive, Newark, California ("Guava Drive") and a residence located at 2452 Cameron Drive in Union City, California ("Cameron Drive").

On April 4, 2007, Special Agent Zemlok noticed the distinct sound of fans coming from the vents on the bottom of the houses at Isherwood Place and Guava Drive. Based upon his training and experience Special Agent Zemlok knew that those operating an indoor marijuana grow will routinely use a sophisticated filtering system to mask the odor of marijuana. Such a system must eventually be ventilated outside, and a common way to do this is to run the ducting down under the house.

On April 5, 2007, at approximately Officer Snelson of the Fremont Police Department brought his narcotic detection canine to the Isherwood house and Guava houses. The dog gave a positive indication for controlled substances at both houses.

On April 5, 2007, Special Agent Zemlok obtained a duly authorized state search warrant for the PG&E subscriber and account information for both Isherwood Place and Guava Drive. On April 6, 2007 he served this warrant with PG&E and learned the following:

The listed subscriber for PG&E at Isherwood Place in Fremont, California, was Patrica Salas with social security number of xxx-xx-9189. The last four digits of this social security number match the last four digits of Patricia Salas Bevilacqua's true social security number. There was an outstanding bill of $8,436.21. PG&E lists the customer set up date as October 2, 2006. Special Agent Zemlok reviewed the records and discovered that the recorded kilowatt hours jumped by almost 4,000 kilowatt hours within the first month of Bevilaqua's account. The kilowatt hours continued to be in the thousands for the next five months until a state search warrant was served on this address on April 17, 2007. Based on his training and experience, Special Agent Zemlok knew that these usage levels at this type of residence are exceptionally high and common with indoor marijuana cultivations, as marijuana plants require a great deal of lighting from high wattage lights.

The listed subscriber for PG&E at Guava Drive in Newark, California is Kwang Pak with

social security number of xxx-xx-7765. The last four digits of this social security number match the last four digits of Pak's true social security number. PG&E lists his cell phone number as (408) 891-9009 and account ID number as xxxxxxx3069. Service for Pak began on October 25, 2005.

From February 2006 until October 2006, the electrical usage at this address was very high, in the thousands of kilowatt hours. From October of 2006 to April of 2007, the usage levels dropped significantly. However, the lower usage levels at this address coincided with the start of the high usage level at the Isherwood address.

A routine computer check on Guava Drive revealed that Toan Hang has a 2000 Nissan registered to him at Guava Drive. Hang is the owner of Cameron Drive along with Julie Luu.

On April 16, 2007 SACNET agents executed duly authorized state search warrants for the residences at Isherwood Place in Fremont and Guava Drive in Newark. In both residences they discovered clandestine marijuana cultivation operations.

At Guava Drive in Newark, the agents discovered 5 separate indoor marijuana cultivation rooms located with a total of 144 marijuana plants. All the rooms had tarps spread across the floors, and there was blackout sheeting and reflectorized materials stapled to the walls. Each marijuana plant was contained in a large black bucket with potting soil. A great deal of wiring and breaker boxes were located throughout the house and were being used to power the large 1000 watt power ballasts that in turn powered the 1000 watt lights contained in suspended reflectors. There were sophisticated venting systems and filters located through out the rooms which appeared to be sucking air into the house from under the sub floor and filtering air out into the attic. Officers also fond a waste management bill for 38079 Guava Drive in the name of Patricia Salas, a PG&E bill for 38079 Guava in the name of Kwang Pak, a rental agreement for 38079 Guava in the names of Kwang Pak, Kim Nguyen, Henry Luu, and Tony Trait and a large zip lock type bag containing approximately 181.6 grams of marijuana buds.

On April 16, 2007, SACNET agents served the search warrant at Isherwood Place in Fremont. There was a large and recently harvested indoor marijuana cultivation set up inside the residence, which closely resembled the one at Guava Drive. There were four different grow

rooms set up with a total of 132 black plastic pots all containing freshly cut stems with root balls from marijuana plants. The agents also discovered one large bag containing marijuana clippings. Located throughout the rest of the house were several bags of soil, bottles of grow nutrients, hoses, clippers and associated cultivation supplies. Located in the front room and kitchen area were numerous articles of women's clothing in addition to photographs and indicia for Bevilacqua.

Bevilacqua, Tran and Pak were all arrested that day and provided statements. Bevilacqua said she had been asked to put the rental agreement for the Isherwood address under her name in addition to the PG&E bill. She was also asked to put the garbage bill for the Guava address in her name. She routinely pays for these bills; however, someone else puts money for the bills into her account. She refused to provide the names of anyone who had asked her to do these activities, but she admitted that she had received payment in the past for assisting in the grow operations. She received a $1,000 payment after the last cultivation was harvested sometime around January of 2007. She said that there have been two harvest cycles that had been completed at the Isherwood address, the last about one to two weeks before her arrest. Her boyfriend is Kwang Pak and she routinely lives at his house on Cameron Drive in Union City.

Tran told Special Agent Zemlock that he gets paid to help take care of the marijuana cultivations at both the Guava and Isherwood addresses. Tran said that he does not sell marijuana himself, but he assists in the cultivation. Tran said that he was paid $3,000 for his services after the last marijuana crop was harvested. Tran said that he is not currently employed and that the Lexus he had been driving was his and that he had just traded his silver BMW to his friend for it.

Pak said that the Guava address is in his name and has been for about one and one half years. Pak said he was fully aware of the marijuana cultivation located inside and said that it was his. Pak said that there were approximately 15 marijuana plants inside the house. Pak said that Jim Tran helps him care for the marijuana plants and that he paid Tran $2,000 for his services after the last grow cycle. Pak also said that he paid Bevilacqua $1,000 for her services after the last grow cycle.

Upon the conclusion of the interviews, SACNET agents served a search warrant on Cameron

Drive in Union City. During the service of this search warrant the defendant $61,386 in United States Currency was located and seized. Most of the currency was found inside of the bedroom of Pak's mother, Que Ngo. Ngo had a floor safe inside of her closet and she provided a key to Special Agent Zemlok to open it. A total of $48,460 was found inside of this safe. Another $1,400 was found inside of a black purse in the bedroom. $125 was found in Ngo's closet, and $11,000 was found inside of a silver two drawer filing cabinet inside of Ngo's bedroom. $401 was found inside of Pak's bedroom. The currency was in the following denominations: $48,460=390 x $100, 11 x $50, 388 x $20, 83 x $10, 64 x $5; $1,400=14 x $100; $125= 25 x $5; $11,000=81 x $100, 143 x $20, 4 x $10; $401=2 x $100, 1 x $50, 6 x $20, 3 x $10, 1 x $1.

Also located inside this bedroom was a rental agreement in the name of Kwang Pak and Patricia Bevilacqua for 34395 Dobson Way in Fremont, California. This rental agreement was dated September 27, 2006. When questioned about this residence, Pak admitted that there was another marijuana cultivation operation located at this residence. Pak stated that he put the rental agreement in his name as a favor to someone. Agents also found miscellaneous paperwork, indicia and photos for Kwang Pak in this bedroom.

On April 19, 2007, SACNET agents served a duly authorized state search warrant for 34395 Dobson Way, Fremont, California. They discovered another large indoor marijuana cultivation which closely resembled the cultivation operations at both Guava Drive and Isherwood Place. There were 215 marijuana plants located inside this residence.

Following the arrest of Bevilacqua, Pak, and Tran, Special Agent Zemlok placed them inside a SACNET vehicle by themselves and let a digital recorder record their conversation. During this conversation, Pak told Bevilaqua to say that she does not know anything. Then Patricia made a statement to Pak that her name needs "to get the f--k off of Ms. Lee's house". She then said "you forgot about that one". Bevilaqua's checkbook, found inside her vehicle, had several carbon copy receipts of recent checks, one of which was made out to Ms. Lee for "rent" in the amount of $1,850 dated March 1, 2007. Lillian W. Lee is listed on a rental agreement for Dobson Way which was found during the search at the Cameron house. During the conversation, Pak repeatedly directs Tran and Bevilaqua to tell the officers that they do not know anyone or anything

and he says that his brother will say he knows nothing. Pak repeatedly asks if the officers can search beyond his room. He told Tran that he gave his money to his "old lady to hold". When Bevilacqua mentions the papers and chemicals in Pak's room, Pak replied, " Of course, cuz I had to pay for everything." Bevilacqua also told both Pak and Tran that the weed they gave to "Charles" was "horrible", there were seeds in it and it was not completely dry.

In May 2007, members of SACNET contacted the California Employment Development Department and requested any known work history for Pak, Hang, Ngo and Bevilacqua for the first work quarter of 2005 to June of 2007. They learned there were no reported wages for any of these individuals, except Pak, who showed wages for only the first quarter of 2006.

On February 6, 2008, the United States filed a complaint seeking forfeiture of the defendant funds seized from Pak's residence in Union City. Claimants are Pak's mother, brother and sister-in-law who also reside at 2452 Cameron Drive, Union City, California.

**3.     Principal Factual and Legal Issues**

The principal factual and legal issues in dispute are:

1) whether plaintiff can establish by a preponderance of the evidence that the defendant currency is drug proceeds and thus forfeitable under Title 21, United States Code, Section 881(a)(6) and,

2) whether any of the claimants can establish that they are innocent owners of the defendant funds.

**5.     Anticipated Motions**

All parties may move for summary judgment at the close of discovery.

**6.     Relief/Damages**

Plaintiff seeks a judgment of forfeiture of the defendant currency. This is not a damages case. Claimants seek the return of the defendant currency.

**7.     Settlement**

At this point, settlement does not appear likely.

**8.     Discovery**

At the March 20, 2009, case management conference the United States served claimant's

counsel with Special Interrogatories for each of the claimants, pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The Special Interrogatories were an effort by the United States to determine each claimants' standing to pursue their claim to the defendant funds. Pursuant to Supplemental Rule G(6)(a) responses to the Interrogatories were due 20 days later, on April 20, 2009. On April 27, 2009, the United States received selected records from claimants, but no response to the Special Interrogatories. While the records may be somewhat responsive to certain issues raised in the Special Interrogatories, they do not answer all of them. In addition, the bank records provided for Ngo had six gaps in the records produced. Other documentation provided by Ngo was undated; as was a declaration provided by Hang regarding the sale of his car. On June 5, 2009, the claimants served responses to the Special Interrogatories on the United States. Again, many of the responses lacked specificity, i.e. claimant Hang claims $20,000 of the funds as proceeds as the sale of an automobile, however, he has yet to provide the date of sale, supply the bill of sale or transfer of title documentation.

Given the nature of claimant's response, the United States has propounded additional discovery to all claimants in the form of requests for production of documents and interrogatories. In addition, the United States is conducting additional discovery into Toan Hang's possible involvement in the rental of any additional houses for marijuana cultivation.

**9. Alternative Means of Disposition**

Plaintiff does not request reference to arbitration.

**10. Pretrial/Trial Issues**

The parties have not yet discussed any trial issues.

**11. Class Action**

This is not a class action.

**12. Related Case**

There are no related cases.

**13. Other Matters –**

As noted above, the United States has propounded additional discovery to all three claimants. The discovery responses are due February 10, 2010. However, counsel for claimants

| | |
|---|---|
| 1 | asked has for an extension of time until March 1, 2010, to accommodate his travel schedule.  The |
| 2 | United States does not object to the extension.  However, the United States had planned on being |
| 3 | able to review the discovery responses prior to the case management conference in order to be |
| 4 | able to more accurately inform the court of its future plans for discovery or motions.   Given that |
| 5 | the discovery is now due after the current case management conference date of February 26, 2010, |
| 6 | the parties now request that the conference be continued for approximately 30 days, to March 26, |
| 7 | 2010.  This will allow the United States time to review the discovery prior to the case |
| 8 | management conference and will also accommodate Mr. Babcock's schedule. |

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: February 9, 2010            _____/S/_____
SUSAN B. GRAY
Assistant United States Attorney

Dated: February 9, 2010            _____/S/_____
ERIK BABCOCK
Attorney for Claimants Toan Hoang, Que Ngo and Julie Luu

### [PROPOSED] ORDER

GOOD CAUSE APPEARING, THE CASE MANAGEMENT CONFERENCE CURRENTLY SCHEDULED FOR FEBRUARY 26, 2010, IS CONTINUED TO  April 2  , 2010, AT 10:30 a.m.   A Joint Case Management Statement shall be filed by March 26, 2010.

IT IS SO ORDERED.

Dated: February 17, 2010            _____
MAXINE M. CHESNEY
United States District Judge